RECEIVED
AUG 10 2010
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHIL ROSEMAN, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No.: 4:10 CV- 01165-DJS |
| v. ) | |
| ) | |
| MARTIN SIGILLITO, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT'S MOTION TO DISMISS
### PLAINTIFFS' COMPLAINT OR IN THE ALTERNATIVE, MOTION TO MAKE
### MORE DEFINITE AND CERTAIN

NOW COME Defendant Martin T. Sigillito, Pro Se, and as his response to Plaintiffs' Complaint, states as follows:

1. Plaintiffs filed their Complaint on June 30, 2010. The two count Complaint alleges a violation of 18 U.S.C. § 1962(c) in Count I and a violation of 18 U.S.C. § 1962(d) in Count II. The Complaint names Defendant and 50 unnamed "Doe" Defendants.

2. On August 3, this Court extended the time to respond to Plaintiffs' Petition to August 10, 2010.

3. The Complaint names Seventeen plaintiffs, all of whom, it is alleged, made loans to Distinctive Properties (U.K.) Ltd. These loans were guaranteed by Derek Smith, a citizen of Great Britain and Owner of Distinctive Properties (U.K.) Ltd.

4. Each of the Plaintiffs loaned a sum of money in an amount determined by the Lender, on a specific date pursuant to a separate Loan Agreement for each loan.

348860

5. A majority of Plaintiffs are alleged to have made multiple loans over specified periods of time. *See* e.g., Complaint, ¶¶ 12 (15 loans); 14 (7 loans); 15 (6 loans); 16 (3 loans). Each loan was for one year and paid interest between 16% to 23%. Complaint ¶¶ 29, 37. Each loan was made pursuant to a separate loan agreement.

6. No loan agreement of any Plaintiff is attached to the Complaint. The loans were made, according to the Complaint, between 2006 and 2009, although some of the loans described in the Complaint do not even have any allegation as to the year in which the loan was made.

7. One of the Plaintiffs in the present case is alleged to be Brian Waffle with an address of 11605 Q Drive South, Burlington, Michigan 49209. Mr. Waffle is alleged to have made one loan on October 20, 2007. Complaint, ¶ 27.

8. Based on Exhibit 1 attached hereto, Brian Waffle was never a lender. Rather, Larry Waffle was the lender and the loan agreement is dated October 19, 2008. Upon information and belief, Larry Waffle died in 2009 and <u>Bryan</u> Waffle is the representative of the estate.

9. On May 24, 2010, the FBI seized all of Defendant Sigillito's records, including all records related to the U.K. loan program. Therefore, he only has access to sporadic loan agreements. The only loan agreement currently in his possession entered into by any of the Plaintiffs is Exhibit 1. According to the Complaint, a total of fifty-nine loan agreements were entered into by Plaintiffs herein. Complaint ¶¶ 12-28.

10. Upon information and belief, Defendant submits that misstatements similar to the Waffle loan are made in regard to a number of the fifty-eight other loans.

11. More importantly however, the loan agreement with Mr. Waffle has specific choice of law and choice of forum provisions. Lead Plaintiff Phil Roseman alleges in a recently

2

filed pleading that one of the fifteen loans entered into by him also had a choice of forum provisions which conferred jurisdiction to sue Derek Smith in Missouri.

12. Lead Plaintiff Phil Roseman relied on this choice of forum provision in his lawsuit against Derek Smith on <u>one</u> of the fifteen loans alleged herein. The case was styled Phil Roseman v. Derek Smith, Case No. 4:10-CV-480, previously pending in this Court. A copy of the verified complaint in that case is attached hereto as Exhibit 2.

13. A comparison of ¶ 16 in Mr. Waffle's loan agreement with ¶ 16 of the one loan agreement attached to Mr. Roseman's other lawsuit reveals that the respective paragraph 16s are different.

14. The choice of law and choice of forum provisions in Mr. Waffle's loan agreement precludes jurisdiction by this Court over Mr. Waffle's claim. <u>See</u> Memorandum of Law filed contemporaneously herewith.

15. Upon information and belief, many of the other loan agreements giving rise to the claims herein have choice of law and choice of forum provisions similar to Mr. Waffle.

16. Since no loan agreements are before the Court other than Mr. Waffle's, the Complaint fails to allege that the fifty-eight other loan agreements have a different choice of forum provisions.

17. For these reasons, Plaintiff submits that the entire Complaint be dismissed for lack of jurisdiction.

18. In the alternative, Defendant requests that the Complaint be more definitive and certain by alleging the specific language in each of the fifty-eight loan agreements that allow suit to be brought in this Court.

19.     Defendant further seeks a more definite statement by identifying as many of the "John Does" as we know to Plaintiffs, regardless of whether they are named or unnamed defendants. Failure to identify Defendants' co-conspirators makes it impossible to defend this case or even to provide an answer thereto because most allegations are in the form of "Martin Sigillito and the co-defendants."

20.     Finally, Defendant requests that Paragraphs 7, 8, 10, 11, 29, 31, 34, 36-37, 39, 41, 43, 44, 45, 46, 48, and 49 be made more definite and certain by identifying when and specifically what misrepresentation was made to each Plaintiff as to each loan, and by whom. It is virtually impossible to answer the Complaint the way it is drafted, e.g. "Martin Sigillito and the co-defendants represented to each of the Plaintiffs......."

21.     Defendant also requests that Paragraphs 67-69, 71-75, 77-78 be made more definite and certain. Defendant cannot possibly admit or deny allegations alleging that Defendant made "Five Hundred interstate telephone calls" and similar allegations. Without specifying as to date and who was allegedly called and the specific representation allegedly made in the call, it is impossible for Defendant to answer these paragraphs.

22.     Defendant contemplates additional motions to dismiss based on failure to state a claim, but until the Complaint is made more definite and certain as requested herein, he cannot file these motions.

WHEREFORE, for the foregoing reasons, Defendant requests that his Motion to Dismiss or in the Alternative, Motion to Make More Definite and Certain, be granted.

Respectfully Submitted,

_____
Martin T. Sigillito, Pro Se

## CERTIFICATE OF SERVICE

Martin Sigillito, Pro Se, an attorney, certifies that a true and accurate copy of the foregoing was served by U.S. First Class mail on August 10, 2010 upon the following:

Sebastian Rucci
Law Offices of Sebastian Rucci
401 E. Ocean Blvd., Suite 200
Long Beach, CA 90802-4993

*Attorney for Plaintiffs*

_____
Martin T. Sigillito, Pro Se

Respectfully Submitted,

_____
Martin T. Sigillito, Pro Se

## CERTIFICATE OF SERVICE

Martin Sigillito, Pro Se, an attorney, certifies that a true and accurate copy of the foregoing was served by U.S. First Class mail on August 10, 2010 upon the following:

Sebastian Rucci
Law Offices of Sebastian Rucci
401 E. Ocean Blvd., Suite 200
Long Beach, CA 90802-4993

*Attorney for Plaintiffs*

_____
Martin T. Sigillito, Pro Se