

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHIL ROSEMAN, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Case No.: 4:10 CV- 01165-DJS |
| v. ) | |
| ) | |
| MARTIN SIGILLITO, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT SIGILLITO'S MOTION TO DISMISS

NOW COMES Martin T. Sigilito, pro se, and presents the following Memorandum of Law in Support of his Motion to Dismiss.

Paragraph 16 of Larry Waffle's loan agreement contained the following provisions:

**16   Governing Law and Jurisdiction**

16.1   This agreement shall be governed by and construed in accordance with the Laws of England applicable to contracts wholly to be performed therein

16.2   It is irrevocably agreed for the exclusive benefit of the lender that the courts of England are to have jurisdiction to settle any disputes which may arise out of or in connection with this agreement and that accordingly any suit, action or proceedings arising out of or in connection with this agreement may be brought in such courts.

16.3   Nothing in this clause shall limit the Lender's right to take proceedings against the Borrower in any other court of competent jurisdiction, nor shall the taking of proceedings in one or more jurisdictions preclude the taking of proceedings in any other jurisdiction, whether concurrently or not.

Section 16 is valid and binding on Plaintiffs, and therefore, the claims against Defendant herein must be dismissed on the basis of failure to apply English law and lack of jurisdiction of

348862

this Court because Plaintiffs have agreed to a choice of forum provision calling for any claim "arising from" or "connected" to the loan agreements to be brought in England.

In *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1 (1972), an American company contracted with a German company to tow Zapata's sea-going oil drilling rig to a point off Italy in the Adriatic sea. The contract had a provision requiring any dispute to be brought in an English court. In upholding the enforceability of the choice of forum provision, the Supreme Court observed:

> (I)t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court to permit notice to be served by the opposing party, or even to waive notice altogether. This approach is substantially that followed in other common-law countries including England.[FN12] It is the view advanced by noted scholars and that adopted by the Restatement of the Conflict of Laws.[FN13] It accords with ancient concepts of freedom of contract and reflects an appreciation of the expanding horizons of American contractors who seek business in all parts of the world. Not surprisingly, foreign businessmen prefer, as do we, to have disputes resolved in their own courts, but if that choice is not available, then in a neutral forum with expertise in the subject matter. Plainly, the courts of England meet the standards of neutrality and long experience in admiralty litigation. The choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts. 407 U.S. at 11-12.

In a case virtually identical to the present action, *Roby v. Corporation of Lloyds*, 966 F.2d 1353 (2nd Cir. 1993), investors in English insurance syndicates brought securities law and RICO actions against the syndicates and their agents in the United States District Court for the Southern District of New York. The agreements between the investors and the insurance syndicates had a provision providing that any disputes were to be arbitrated in England under English law. 966 F.2d at 1357. The Second Circuit found the provisions enforceable:

> In the absence of other considerations, the agreement to submit to arbitration or the jurisdiction of the English courts must be enforced even if that agreement tacitly includes the forfeiture of some claims that could have been brought in a different forum. 966 F.2d at 1360-1361.

2

Of particular applicability to the present case, the Court found that a disclosed agent of a contracting party, although not a party to a contract, is covered by its terms. 966 F.2d at 1358. In the present case, Defendant is clearly a disclosed agent for Distinctive Properties (UK) Ltd and Derek Smith. Indeed, Plaintiffs allege they gave the money being borrowed by Distinctive and Smith to Defendant Martin Sigillito. The Complaint also contains numerous references to Defendant's role in the loan agreements, collecting the money and other aspects of administering the loan. Under these circumstances, there is no question that Defendant herein is covered by the choice of law and choice of forum provisions of the loan agreements.

The *Roby* Court also decided an issue Plaintiffs are certain to raise: that the choice of law and forum selection provisions only applied to actions under the contract itself. In rejecting a similar argument in Roby, the Court considered the impact of language in the contract that any disputes "relating to" or "in connection with" the contract choice of law and chose of forum provisions. The court also considered the impact of the phrase "arising from" used in other cases. After a discussion of several cases, the Court found that securities law violations and RICO claims, although not contract actions, were covered by the choice of law and choice of forum provisions:

> We find no substantive difference in the present context between the phrases "relating to," "in connection with" or "arising from." We therefore reject the Roby Names' contention that only allegations of contractual violations fall within the scope of the clauses. 966 F.2d at 1361.

As noted above, the choice of forum provision in the loan agreements at issue, clearly provide that any disputes which "arise out of" or are "in connection with" the loan agreements are subject to the choice of forum provision. Thus, as in *Roby*, the claims in this case are governed by the choice of law and choice of forum provisions.

Although sparse, Missouri case law is consistent with the holdings and reasoning of the above-discussed cases. *See Kagan v. Master Home Products Limited*, 193 S.W.3d 401, 407 (Mo. App. E.D. 2006) ("So long as the application of this law is not contrary to a fundamental policy of Missouri, we will honor the parties' choice of law provision."); *Tri-County Retreading, Inc. v. Bandag, Incorporated*, 851 S.W.2d 780, 784 (Mo. App. E.D. 1993) ("Missouri recognizes that contracting parties may choose the state whose law will govern the interpretation of their contractual rights and duties......So long as application of the chosen law is not contrary to a fundamental policy of Missouri, we will honor the parties' choice of law provision."); *Sears v. Dent Wizard International Corporation*, 13 S.W.3d 661, 665 (Mo App E.D. 2000) ("The secrecy agreement contained a forum selection clause that permitted enforcement in the courts of Missouri. Thus, the trial court had subject matter jurisdiction over the lawsuit and it did not abuse its discretion in denying appellant's motion to set aside the default judgment."). *See also, Caperton v. A.T. Massey Coal Company, Inc.*, 690 S.E.2d 322, 347 (Va. 2009) ("Based upon the foregoing, we now hold that a range of transaction participants, signatories and non-signatories, may benefit from and be subject to a forum selection clause. In order for a non-signatory to benefit from or be subject to a forum selection clause, the non-signatory must be closely related to the dispute such that it becomes foreseeable that the non-signatory may benefit from or be subject to the forum selection clause." [collecting cases]).

In the present case, Defendant herein was clearly a disclosed agent of Distinctive properties (UK) Ltd and Derek Smith and thus closely related to the dispute, particularly since Defendant would receive a commission as a result of the loan agreements in question. As noted above, both choice of law and choice of forum agreements are enforceable in Missouri and are

not restricted to contract actions when language such as that contained in the loan agreements is present.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that his Motion to Dismiss or in the Alternative Motion for a More Definite and Certain Statement be granted.

Respectfully Submitted,

_____
Martin T. Sigillito, Pro Se

## CERTIFICATE OF SERVICE

Martin Sigillito, Pro Se, an attorney, certifies that a true and accurate copy of the foregoing was served by U.S. First Class mail on August 10, 2010 upon the following:

Sebastian Rucci
Law Offices of Sebastian Rucci
401 E. Ocean Blvd., Suite 200
Long Beach, CA 90802-4993

*Attorney for Plaintiffs*

_____
Martin T. Sigillito, Pro Se