# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

PHILLIP L. ROSEMANN, et al.,

    Plaintiffs,

vs.

MARTIN T. SIGILLITO, et al.,

    Defendants.

No. 10-CV-1165-LRR

**ORDER**

_____

## *I. INTRODUCTION*

The matter before the court is Plaintiffs Phillip L. Rosemann and Braithwaite Consulting Limited's (collectively, the "MSJ Plaintiffs") and Defendant Martin T. Sigillito's "Joint Motion . . . For Clarification and/or a Status Conference" ("Motion") (docket no. 197).

## *II. PROCEDURAL HISTORY*

On June 30, 2010, the original Plaintiffs filed a Complaint (docket no. 1) against Defendant Sigillito and fifty unnamed Defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO Act"). On October 22, 2010, the court filed a Case Management Order (docket no. 33), which provided the parties with a scheduling plan. On March 30, 2011, the original Plaintiffs and several additional Plaintiffs filed a twelve-count Amended Complaint (docket no. 40) that raised new claims against Defendant Sigillito, eighteen additional named Defendants and twenty unnamed Defendants. The court has not yet filed a new scheduling order because Plaintiffs are still in the process of serving several of the overseas Defendants.

On April 28, 2011, Defendant Sigillito filed an Answer (docket no. 88) to the Amended Complaint, in which he pled the Fifth Amendment and declined to respond to the substantive allegations. On July 8, 2011, the MSJ Plaintiffs filed a "Motion for

Summary Judgment on Count 10" ("Motion for Summary Judgment") (docket no. 164) against Defendant Sigillito, arguing that there are no genuine issues of material fact regarding whether Defendant Sigillito engaged in legal malpractice. The MSJ Plaintiffs raised the legal malpractice claim for the first time in the Amended Complaint. On August 4, 2011, the court entered an Order (docket no. 191) in which it stayed discovery in the instant action. In the Order, the court explained that "the court may elect to rule on any of the motions currently pending that do not require discovery or an evidentiary hearing." Order at 14.

On August 4, 2011, Defendant Sigillito filed a "Motion . . . to Strike the Motion for Summary Judgment . . . or in the Alternative to Modify th[e] Court's Case Management Order . . . or in the Alternative for an Extension of Time" ("Motion to Strike") (docket no. 192). On August 5, 2011, the MSJ Plaintiffs filed a Response (docket no. 194) to the Motion to Strike. On August 15, 2011, the MSJ Plaintiffs filed an Amended Response (docket no. 195) to the Motion to Strike. On August 15, 2011, Defendant Sigillito filed a Reply (docket no. 196) to the Amended Response. On August 16, 2011, the MSJ Plaintiffs and Defendant Sigillito filed the Motion, "seek[ing] a very brief conference with the [c]ourt to determine the status of the Motion [f]or Summary Judgment . . . ." Motion at 1. The court concludes that a status conference is unnecessary.

### III. ANALYSIS

In his Memorandum of Law in Support of [his Motion] for an Extension of Time (docket no. 193), Defendant Sigillito argues, inter alia, that the unusual procedural posture of this case has prevented him from obtaining discovery necessary to respond to the Motion for Summary Judgment. Defendant Sigillito maintains:

> Th[e] [c]ourt has issued [an] Order staying all aspects of this
> case involving discovery. Quite obviously, in order to respond
> to Plaintiffs' Motion [f]or Summary Judgment, some discovery

2

> will be required. [The MSJ] Plaintiffs state [the Motion for Summary Judgment] revolves around "a $5 million loan to Metis in Turkey." Defendant Sigillito respectfully submits th[e] [c]ourt should not allow [the MSJ] Plaintiffs over a year to gather evidence to support [the Motion for Summary Judgment] but require [Defendant Sigillito] to respond to [the Motion for Summary Judgment] while under the imposition of a stay order on discovery.

Reply to Amended Response at 2. Furthermore, in the Motion, Defendant Sigillito argues "the effect of the Order staying discovery effectively prohibits [him] from conducting the discovery necessary to respond adequately to the Motion [f]or Summary Judgment . . . ." Motion at 2.

"In analyzing whether a claim is ripe for summary judgment, a district court has discretion to determine whether the parties have had adequate time for discovery . . . ." *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999). "Although discovery does not have to be completed before a court can grant summary judgment, summary judgment is proper only after the nonmovant has had adequate time to engage in discovery." *Id.* at 911. Under the circumstances presented in this case, the court concludes that Defendant Sigillito has demonstrated that he has not had adequate time to engage in discovery. *See* Fed. R. Civ. P. 56(d) (noting that a court may defer consideration of a motion for summary judgment when a nonmoving party demonstrates that "it cannot present facts essential to justify its opposition"). Consequently, the court shall grant Defendant Sigillito an opportunity to conduct discovery and respond to the Motion for Summary Judgment after the discovery stay is lifted. The court will delay consideration of the Motion for Summary Judgment in accordance with this Order.

## IV. CONCLUSION

In light of the foregoing, Plaintiffs Phillip L. Rosemann and Braithwaite Consulting Limited's and Defendant Martin T. Sigillito's Joint Motion for Clarification and/or a Status Conference (docket no. 197) is **GRANTED IN PART** and **DENIED IN PART**.

3

**IT IS SO ORDERED.**

**DATED** this 30th day of August, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA